NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 1 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAN JUN YANG, | No. 13-73993 |
| Petitioner, | Agency No. A099-965-270 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Wan Jun Yang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility determinations, applying the standards created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

As to Yang's family planning claim, substantial evidence supports the agency's conclusion that Yang failed to demonstrate "other resistance" to China's coercive family planning program. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014). Thus, we deny the petition for review as to this claim.

As to Yang's religion-based claim, substantial evidence supports the agency's adverse credibility determination in light of the inconsistencies between Yang's testimony and documentary evidence regarding his employment and post-arrest termination. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Yang's explanations for the inconsistencies do not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Yang's religion-based asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the agency's denial of Yang's CAT

claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government for any reason if returned to China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

    **PETITION FOR REVIEW DENIED**.